**ENTERPRISE LEASING COMPANY,**
Plaintiff,

v.

**METROPOLITAN AIRPORTS COMMISSION,**
Defendant.

**Civ. No. 98–1327 JRT/FLN.**

United States District Court,
D. Minnesota.

May 30, 2000.

K. Craig Wildfang, Darrell E. Graham, Winthrop & Weinstine, Minneapolis, MN, for plaintiff.

Donald W. Selzer, Jr., Andrew J. Voss, Littler Mendelson, Minneapolis, MN, for defendant.

## ORDER ON DEFENDANT'S MOTIONS TO ALTER OR AMEND THE JUDGMENT AND STAY ENFORCEMENT OF THE JUDGMENT PENDING APPEAL

TUNHEIM, District Judge.

Plaintiff Enterprise Leasing Co. ("Enterprise") brought this action against the Metropolitan Airports Commission ("MAC") to challenge its enactment of an ordinance that imposes an 8.5% gross receipts fee on off-airport automobile rental agencies who transact business on airport property ("Ordinance 85"). In an Order filed April 24, 2000, the Court ruled that Ordinance 85 violates section 473.651 of the Minnesota Statutes to the extent that it imposes such fees. The Court further ordered MAC to refund to Enterprise any gross receipts fees paid in compliance with Ordinance 85, and permanently enjoined MAC from collecting such fees under Ordinance 85 in the future.

This matter is presently before the Court on MAC's motion to alter or amend the Court's Order, and to stay enforcement of the judgment pending its appeal to the Eighth Circuit. MAC seeks four different forms of relief in asserting this motion. First, MAC requests that the Court alter or amend the judgment to reflect an offset for amounts due for "per-trip" and "dwell" fees that MAC alleges Ordinance 85 permitted it to collect from Enterprise in the absence of gross receipts fees. MAC points to several provisions in Ordinance 85 that it alleges authorize the collection of these fees from off-airport automobile rental agencies such as Enterprise. MAC argues that requiring it to refund the entire amount of the gross receipts fees collected from Enterprise, without an offset for the per-trip and dwell fees that it could have collected, would result in "manifest injustice." MAC contends that Enterprise should not be permitted to use the airport roadways without paying these fees, which essentially permit MAC to recover its cost of maintaining commercial airport roadways.

Enterprise opposes MAC's request on the ground that MAC failed to raise this issue at any time during the litigation of this matter. Enterprise argues that the requested offset

should have been asserted as an affirmative defense in MAC's answer to its complaint. Enterprise further contends that because MAC failed to raise this issue prior to the Court's issuance of the final Order in this matter, it has been deprived of any opportunity to conduct relevant discovery in response to MAC's claims. It specifically contends that it has not been able to investigate whether MAC intended this interpretation of Ordinance 85 upon its enactment, whether off-airport agencies should be assessed the same per-trip and dwell fees as other commercial operators based on their use of airport roadways, whether MAC's calculation of the per-trip and dwell fees owing is correct, and other relevant issues.

■ The Court agrees with these contentions. The Court lacks sufficient information upon which to award MAC an offset because MAC has raised this issue far too late in the proceedings. The record is devoid of any evidence that MAC ever took the position, at any time prior to the filing of this request, that it was authorized to collect per trip and dwell fees from off-airport automobile rental agencies under Ordinance 85. To amend the judgment at this late date to accommodate MAC's new-found claim would be extremely prejudicial to Enterprise.

Moreover, the Court finds that even assuming Ordinance 85 authorizes MAC to collect per-trip and dwell fees from off-airport agencies, MAC has not demonstrated that "manifest injustice" would result from its inability to collect such fees from Enterprise. MAC chose, from a variety of options available to it, to collect gross receipts fees from off-airport agencies in lieu of any other assessment. Enterprise points out that off-airport agencies tailored their use of airport roadways to the kind of fee structure imposed. Retroactive imposition of the newly asserted fees would deprive them of any opportunity to minimize the cost of using airport roadways under a per-trip fee structure. Furthermore, MAC's "manifest injustice" argument appears to assume that by avoiding the per-trip and dwell fees it could have, but did not impose, Enterprise will be in some way unjustly enriched. This position ignores the significant impact on Enter-

prise's business that likely resulted from MAC's improvident decision to collect gross receipts fees in violation of state law. Enterprise's inability to use these funds may have caused it to lose market share due to increased rates, or deprived it of exercising significant investment opportunities. Enterprise has not been compensated for any of the intangible business losses and other consequential losses resulting from the gross receipts fees assessed. For these reasons, MAC's request for an amendment to the judgment to reflect the requested offset is denied.

■ MAC further requests that the Court stay enforcement of the monetary judgment against it pending its appeal to the Eighth Circuit. An appellant may request and obtain a stay of judgment pending appeal as a matter of right upon posting a supersedeas bond. *See American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.,* 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966); Fed.R.Civ.P. 62(d). MAC requests that it be permitted to place the amount that the Court has ordered it to refund Enterprise in an escrow account as an alternative to filing a supersedeas bond. Enterprise has not objected to this request, and no reason appears to exist to deny it. The Court accordingly grants MAC's request to stay the judgment, on the condition that MAC place in escrow an amount commensurate with the amount of the judgment. MAC asserts that it collected gross receipts fees from Enterprise under Ordinance 85 in the amount of $303,812.24. Enterprise does not dispute this calculation. Nor does Enterprise argue that the escrow amount should be increased to include any additional costs or damages for delay. In the absence of any argument to the contrary, the Court requires MAC to place $303,812.24 in escrow pending its appeal before the stay of judgment will take effect.

MAC also requests that the Court modify its injunction to permit MAC to collect per-trip and dwell fees from off-airport automobile rental agencies pending appeal. For the above reasons, the merits of MAC's claims for per-trip and dwell fees are not properly before the Court. The Court nevertheless

clarifies that its Order declares Ordinance 85 to be invalid only to the extent that it imposes an 8.5% gross receipts fee on off-airport automobile rental agencies. Because the Order does not address the merits of MAC's claim for per-trip and dwell fees, the injunction does not prohibit MAC from collecting them. Conversely, the Court does not explicitly find the collection of these fees to be permissible. Thus, MAC may collect such fees without violating the injunction, but must do so without the Court's imprimatur and at the risk of defending against any new legal action that Enterprise might choose to instigate in opposition.

Finally, MAC requests that the Court order Enterprise to pay into an escrow account the amount of any gross receipts fees that it would have collected, had the Court ruled in MAC's favor, between the date of its Order and the date when the Eighth Circuit files its opinion. MAC asserts this request under Rule 62(c) of the Federal Rules of Civil Procedure. MAC contends that such relief is warranted because if the Eighth Circuit overturns the Court's Order, it will no longer be able to collect the gross receipts fees incurred by Enterprise during the pendency of its appeal because of Enterprise's small size.

Rule 62(c) permits a court to suspend a final judgment granting an injunction in order to secure the rights of the party against whom the injunction is asserted. Courts must consider four factors in determining a request for a stay under Rule 62(c):

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

■ Upon weighing these factors, the Court concludes that a modification of its injunction pending appeal is unwarranted. Although MAC's authority to enact Ordinance 85 under Minn.Stat. § 473.651 was an issue of first impression, the Court based its

decision on an extension of the reasoning applied by a previous Minnesota court. Moreover, the Court's interpretation is in accordance with the plain language of the statute. Thus, although a possibility of success on appeal exists as with any issue of first impression, MAC has not made a "strong showing" that such success is likely.

The Court further finds little evidence of irreparable harm to MAC in the absence of the requested modification. Although Enterprise's operation at the airport is small, the corporation itself is quite large. MAC has not shown that Enterprise is in such a poor financial condition that it will be unable to pay the fees incurred during the appeal period in the event that the Court's Order is overturned.

Moreover, substantial harm to Enterprise could result from the modification that MAC requests. Although Enterprise ultimately would be able to retain the gross receipts fees collected if the Court's Order is affirmed, requiring it to place such fees in escrow pending MAC's appeal could significantly impact its business. Enterprise likely would have to pass at least a portion of these costs along to its customers by increasing its rates. While the escrow requirement would affect Enterprise, the Court lacks jurisdiction to order compliance with the proposed requirement from other off-airport automobile agencies. This discrepancy could place Enterprise at a competitive disadvantage.

Finally, the public interest does not appear to militate towards the position of either party. Although the public has a significant interest in funding airport expenditures, the public interest is also served by permitting free competition between automobile rental agencies at the airport. For these reasons, the Court finds that the balance weighs in favor of Enterprise and denies MAC's request for relief under Rule 62(c).

### ORDER

Based on the foregoing, and all of the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to alter or amend the judgment and stay proceedings to en-

force the judgment pending appeal [Docket No. 40] is **GRANTED in part** and **DENIED in part.**

2. Defendant's motion to stay enforcement of the monetary judgment awarded to plaintiff under the Court's April 24, 2000 Order is **GRANTED.** Execution on the judgment shall be **STAYED** pending defendant's appeal from that Order. This stay of execution shall not take effect until defendant places $303,812.24 into an escrow account.

3. The Court **CLARIFIES** its April 24, 2000 Order as follows: The Order declares Ordinance 85 to be invalid only to the extent that it imposes an 8.5% gross receipts fee on off-airport automobile rental agencies. The Court's injunction prohibits MAC from collecting this 8.5% gross receipts fee only. It neither prohibits nor expressly permits MAC to collect any other kind of fee.

4. The Court **DENIES** defendant's motion in all other respects.